UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF, | Case No. 1:26-cv-02205-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION |
| v. | |
| WARDEN JOHN DOE, *et al.*, | |
| Defendants. | |
| | (ECF No. 2) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |
| | ORDER TO ASSIGN DISTRICT JUDGE |

Plaintiff Denzell Magic Metcalf[1] is a state prisoner proceeding *pro se* in this civil action filed on March 20, 2026. (ECF No. 1). Plaintiff moves to proceed *in forma pauperis* in this civil rights action. (ECF Nos. 2, 5).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action, and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

\\\

---

[1] Plaintiff's prisoner ID number is AM-8570. He sometimes uses the name "Denzell Metcalf" in his lawsuits. *See, e.g., Metcalf v. Guzman*, 1:26-cv-00492-CDB.

1

## I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, fail[ure] to state a claim upon which relief may be granted, to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original, citation and quotation marks omitted).

## II. ANALYSIS

### A. Strikes

Plaintiff filed this action on March 20, 2026. (ECF No. 1). The Court takes judicial notice[2] of the following three cases, each of which counts as a "strike":

(1) *Metcalf v. Long Beach Police Department*, Case No. 2:15-cv-07918-JAK-AFM (C.D. Cal. July 19, 2016) (ECF Nos. 9-13) (dismissing case after plaintiff failed to file an amended complaint, after being granted leave to do so, when his complaint failed to state a claim);[3]

(2) *Metcalf v. Viapath Technologies Touchpaz Holdings, LLC et al.*, Case No. 1:24-cv-00004-KES-HBK (E.D. Cal. July 8, 2024) (ECF Nos. 7, 9, 10) (dismissing case for being frivolous and failing to state a claim);

(3) *Metcalf v. Paramount Pictures Corporation, et al.*, No. 1:24-cv-00015-KES-SAB (E.D. Cal. July 8, 2024) (ECF Nos. 9, 13, 14) (dismissing case as frivolous).

[2] See *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (noting that a court may take judicial notice of court records).

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]e hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).")

Moreover, other Judges in this District have likewise issued findings and recommendations, concluding that Plaintiff has at least three-strikes under § 1915(g). *See, e.g., DENZELL MAGIC METCALF, Plaintiff, v. BUENOLOS, et al., Defendants.*, No. 1:26-CV-01889-HBK, 2026 WL 818075, at *1 (E.D. Cal. Mar. 25, 2026); *DENZELL MAGIC METCALF, Plaintiff, v. DAZ, et al., Defendants.*, No. 1:26-CV-02207-SKO, 2026 WL 807619, at *1 (E.D. Cal. Mar. 24, 2026); *DENZELL MAGIC METCALF, Plaintiff, v. FUNK, et al., Defendants.*, No. 1:26-CV-02109-FRS (BAM), 2026 WL 799918, at *1 (E.D. Cal. Mar. 23, 2026).

### B.       Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint alleges that, while he was incarcerated at Kern Valley State Prison on November 11, 2025, he had a seizure and Defendant Guzman ignored his requests for medical attention. (ECF No. 1, p. 6). He asserts that the other Defendants—John Doe Warden and John Doe Sergeant—failed to properly train their staff on how to act in emergency medical situations. (*Id.* at 4).

Plaintiff's allegations are insufficient to show that there is a real and imminent threat to Plaintiff's physical safety.  Plaintiff's complaint describes an event that occurred in the past and does not establish the likelihood of imminent serious physical injury in the future.

The Court notes that Plaintiff's complaint also states: "continuous seizures I'm getting no treatment for this problem at all."  (ECF No 1, at p. 6).  However, Plaintiff provides no factual allegations in support of this statement.  This statement thus fails to provide the "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," required under the legal standards mentioned above.

Moreover, Plaintiff was housed at Salinas Valley State Prison when he filed this case, whereas the events at issue in the complaint occurred at Kern Valley State prison.

Without specific factual allegations of ongoing threats of serious physical injury, the Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint. *See Stephens v. Bragg*, No. 2:23-CV-1172-AC, 2023 WL 4198685, at *3 (E.D. Cal. June 27, 2023), *report and recommendation adopted*, 2023 WL 5516143 (E.D. Cal. Aug. 25, 2023), *reconsideration denied*, 2023 WL 6201751 (E.D. Cal. Sept. 22, 2023) ("Although it is clear that the alleged deliberate indifference to plaintiff's medical needs was ongoing at the time the complaint was filed, it does not appear that this ongoing dispute about proper treatment placed plaintiff in imminent danger of serious physical injury. Plaintiff's allegations to the contrary are conclusory and speculative, and thus insufficient to support an exception to the three strikes rule.") (internal citations omitted); *Driver v. Pohovich*, No. 2:22-CV-1672-DB, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted*, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent danger exception where "[t]here [was] nothing in the complaint that

4

would indicate plaintiff was under threat of imminent danger based on the excessive force incidents" alleged in the complaint that purportedly occurred about two months before filing the complaint).

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

## III.   CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS RECOMMENDED** that:

1.  Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 2).

2.  Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.

3.  Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\
\\\

Additionally, **IT IS ORDERED** that the Clerk of Court shall assign a District Judge to this case.

IT IS SO ORDERED.

Dated:   **March 27, 2026**                    /s/ *Erica P. Grosjean*
                                                 UNITED STATES MAGISTRATE JUDGE

6